IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SHANDEL LITTLE, | : |
| | : |
| Plaintiff, | :  CIVIL ACTION NO. 20-CV-2889 |
| | : |
| v. | : |
| | : |
| OFFICER WEATHERHOLTZ and | : |
| WARDEN JANINE QUIGLEY, | : |
| | : |
| Defendants. | : |

**ANSWER TO PLAINTIFF'S AMENDED COMPLAINT WITH AFFIRMATIVE DEFENSES OF DEFENDANTS CORRECTIONAL OFFICER WEATHERHOLTZ'S AND WARDEN JANINE QUIGLEY**

Defendants, Correctional Officer Weatherholtz and Warden Janine Quigley (collectively, "Defendants"), by and through their attorneys, MacMain, Connell & Leinhauser, LLC, hereby file their Answer to Plaintiff's Amended Complaint denying each and every averment contained therein except those expressly admitted herein and in support thereof avers as follows:

**I.    The Parties to this Complaint**

A.    Denied as stated. It is admitted only that Shandel Little is the identified Plaintiff in this action and is currently incarcerated at Berk County Jail System. Any remaining averments are denied.

B.    Admitted in part and denied in part. It is admitted only that Correctional Officer Weatherholtz is a named Defendant in this action and that he is currently employed by the County of Berks as a Correctional Officer at the Berks County Jail System, and that Janine Quigley is a named Defendant in this action and that she is currently the Warden of the Berks County Jail System. The remaining averments are denied.

**II.     Basis for Jurisdiction**

A-D.    Admitted in part and denied in part. It is admitted only that the present civil action was filed asserting claims under the Eighth Amendment to the United States Constitution and 42 U.S.C. § 1983 and that jurisdiction properly lies with this Court.[1] The remaining averments of this section are denied.

**III.    Prisoner Status**

It is admitted only that at the time of the alleged incident on June 11, 2019, Plaintiff was a Pretrial detainee in the Berks County Jail System.

**IV.    Statement of Claim**

A-D.    Admitted in part and denied in part. It is admitted only that on June 11, 2019, Plaintiff was involved in a physical altercation with another inmate, Saquon Dockery, in Cell Block B of the Berks County Jail System, which required Correctional Officer Weatherholtz to utilize OC spray and some level of physical force in order to break up the physical altercation and to stop Plaintiff from repeatedly striking Mr. Dockery. All remaining averments are denied.

**V.     Injuries**

Defendants lack sufficient information with which to admit or deny the averments of this section. The averments are therefore denied, and strict proof thereof demanded at trial.

**VI.    Relief**

Denied.

---

[1] Plaintiff's Amended Complaint alleges violations of his Eighth Amendment rights. Based on Plaintiff's pled status as a Pretrial detainee in Section III of the Amended Complaint, Defendants contend that the alleged violations would more appropriately be pled as violations of Plaintiff's Fourteenth Amendment rights; however, acknowledge that jurisdiction would still properly lie with this Court.

**VII.   Exhaustion of Administrative Remedies Administrative Procedures**

   A-G.   Admitted in part and denied in part.  It is admitted only that the Berks County Jail System has a grievance and appeal procedure available to inmates that covers the types of claims that the Plaintiff alleges in this action.  It is admitted that Plaintiff filed a grievance related to the allegations he asserts in his Complaint; however, it is specifically denied that Plaintiff exhausted available administrative remedies and procedures at the Berks County Jail System related to the allegations asserted in Plaintiff's Amended Complaint.  *See*, Affidavit of Deputy Warden of Treatment Stephanie Smith, attached hereto as "Exhibit 1."  To the contrary, Plaintiff has failed to exhaust his administrative remedies as required under the Prison Litigation Reform Act, which is a necessary prerequisite to filing his Complaint and Amended Complaint.  *See,* 42 USCS § 1997e(a).

   Berks County maintains copies of all inmate grievances. (Ex. 1).  These grievances are maintained in a grievance log. (Ex. 1).  A copy of the grievance is also maintained in an inmates' individual grievance file. (Ex. 1).  A review of the grievance log and Plaintiff's individual treatment file revealed that while he did file a grievance related to the incident described in Plaintiff's Amended Complaint, Plaintiff did not appeal the decision handed down by Berks County Jail System, thus the grievance process was not exhausted. (Ex. 1).  It is further denied that Plaintiff has any valid claims against Defendants for a violation of any rights afforded under the U.S. Constitution.  All remaining averments in these paragraphs are denied.

**VIII.   Previous Lawsuits**

   A.   Defendants lack sufficient information with which to admit or deny the averments of this paragraph.  The averments are therefore denied, and strict proof thereof demanded at trial.

   B.   Plaintiff makes no allegations in this Paragraph of the Complaint.

3

C.  Defendants lack sufficient information with which to admit or deny the averments of this paragraph. The averments are therefore denied.

D.  Plaintiff makes no allegations in these Paragraphs of the Complaint.

WHEREFORE, Defendants, Correctional Officer Weatherholtz and Warden Janine Quigley, hereby demand judgment in their favor and against the Plaintiff with an award of costs, attorneys' fees, and all other relief this Honorable Court deems appropriate.

## AFFIRMATIVE DEFENSES

Defendants reserve the right to assert any and all applicable defenses to Plaintiff's claims. To date, Defendant has not obtained any discovery from Plaintiff or any other source in connection with this action and Defendant reserves the right to amend or otherwise supplement this pleading on this basis. Without limiting the generality of the foregoing and without regard to whether the defenses set forth below are affirmative defenses within the meaning of F.R.C.P. 8(c), and without conceding that any such defense must be set forth in their Answer, Defendants assert the following:

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's Complaint fails to set forth a claim, in whole or in part, upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

No act or failure to act on the part of Defendants violated any of Plaintiff's constitutional rights.

## THIRD AFFIRMATIVE DEFENSE

At all times material hereto, Plaintiff was afforded all of the rights, privileges and immunities granted pursuant to the Constitution and laws of the United States and the

Commonwealth of Pennsylvania.

## FOURTH AFFIRMATIVE DEFENSE

At no time material hereto did Defendants act in bad faith or in a willful, wanton, outrageous, reckless and/or malicious manner.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff suffered no injury or damages as a result of any acts or omissions by Defendants.

## SIXTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff, although same are denied by Defendants, resulted solely from Plaintiff's voluntary, intentional, and wrongful acts not from any violations of his civil rights by Defendants.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff assumed the risk of harm by his own conduct.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part or otherwise subject to reduction by reason of Plaintiff's contributory negligence.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claim for punitive damages, if any, is limited and/or barred by the applicable state constitution, by the Fourteenth, or Eighth Amendments to the United States Constitution and by the laws of the United States and the Commonwealth of Pennsylvania.

## TENTH AFFIRMATIVE DEFENSE

Merely negligent or careless conduct on the part of a state actor is insufficient to maintain a cause of action pursuant to 42 U.S.C. §1983.

### ELEVENTH AFFIRMATIVE DEFENSE

At no time material hereto were Defendants deliberately indifferent to the safety or constitutional rights of Plaintiff.

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Prisoner Litigation Reform Act, 42 U.S.C. §1997e(a), all defenses contained therein are incorporated by reference as if set forth fully at length herein.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims for damages are barred, in whole or in part, by 28 U.S.C. §1915, all defenses contained therein are incorporated herein by reference as if set forth fully at length herein.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part by the applicable statute of limitations and/or the doctrine of laches.

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the Pennsylvania Political Subdivision Tort Claims Act 42 Pa. C.S.A. §8501 et seq.

### SIXTEENTH AFFIRMATIVE DEFENSE

Any injuries or damages suffered by the Plaintiff, although same are denied by Defendants, resulted solely from Plaintiff's voluntary, intentional, and wrongful acts during his interactions with Inmate Saquon Dockery.

### **SEVENTEENTH AFFIRMATIVE DEFENSE**

Any injuries or damages suffered by the Plaintiff, although same are denied by Defendants, resulted solely from the actions of the third party, Inmate Saquon Dockery, during his altercation with Plaintiff.

### **EIGHTEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, the actions of Defendants were appropriate under the circumstances and based upon a reasonable, good-faith belief that they were justified under the law.

### **NINETEENTH AFFIRMATIVE DEFENSE**

At all times material hereto, Defendant's use of force was reasonable, privileged, lawful and constitutional.

### **TWENTIETH AFFIRMATIVE DEFENSE**

Defendant is entitled to qualified immunity from Plaintiff's claims.

### **TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiff's claims are barred because he failed to exhaust his administrative remedies.

WHEREFORE, Defendants, Correctional Officer Weatherholtz and Warden Janine Quigley, hereby demand judgment in their favor and against the Plaintiff with an award of costs, attorneys' fees, and all other relief this Honorable Court deems appropriate.

                                                  **MacMAIN, CONNELL & LEINHAUSER, LLC**

**Date: September 4, 2020**        **By:**     */s/ Matthew J. Connell*
                                                                                **Matthew J. Connell, Esquire**
                                                                               **P.A. I.D. No. 80246**
                                                                               **433 West Market Street, Suite 200**
                                                                               **West Chester, Pennsylvania 19382**
                                                                               **Tel: (484) 318-7803**
                                                                               **Fax: (484) 328-3996**
                                                                               *Attorney for Defendants, Correctional Officer Weatherholtz and Warden Janine Quigley*

## **VERIFICATION**

I, Deputy Warden Stephanie Smith, hereby state that the averments contained in the foregoing Answer to Plaintiff Shandel Little's Amended Complaint are true and correct to the best of my knowledge, information and belief. I understand that the statements contained herein are made subject to the penalties of 18 Pa. C.S.A. § 4904 relating to unsworn falsification to authorities.

Date: 8/31/2020

Deputy Warden Stephanie Smith
Berks County Jail System

## **CERTIFICATE OF SERVICE**

I, Matthew J. Connell, hereby certify that on this 4th day of September, 2020, the foregoing *Defendants, Correctional Officer Weatherholtz's and Warden Janine Quigley's, Answer To Plaintiff's Amended Complaint With Affirmative Defenses* was filed electronically and is available for viewing and downloading from the ECF system of the United States District Court for the Eastern District of Pennsylvania.

The following party received notification of this filing via First Class Mail:

Shandel Little
Inmate ID No. 2012-1924
Berks County Jail System
1287 County Welfare Road
Leesport, PA 19533
*Pro Se Plaintiff*

**MacMAIN, CONNELL & LEINHAUSER, LLC**

By:   */s/ Matthew J. Connell*
Matthew J. Connell, Esquire
P.A. I.D. No. 80246
433 West Market Street, Suite 200
West Chester, Pennsylvania 19382
Tel: (484) 318-7803
Fax: (484) 328-3996
*Attorney for Defendants, Correctional Officer Weatherholtz and Warden Janine Quigley*